IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| C & S HAMILTON HAY, LLC | ) | |
| | ) | Case No. CV-07-31-E-EJL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| CNH AMERICA LLC, a Delaware limited | ) | |
| liability company, and d/b/a CASE IH; | ) | |
| and John Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant CNH America LLC d/b/a Case IH ("CNH America") brought a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion was based on

two principle arguments: 1) Plaintiff's claims based on negligence should be barred by the

economic loss rule, and 2) Plaintiff's claims based on warranty should be dismissed as the

warranty period has expired.  Plaintiff C & S Hamilton Hay, LLC ("C & S Hamilton Hay")

responds by arguing that the economic loss rule does not apply to this factual setting and that the

warranty issues rely upon extraneous evidence which would preclude a 12(b)(6) dismissal.  For

the reasons set forth below, the Court denies CNH America's motion to dismiss both the

negligence claims and the warranty claims.

**STANDARD OF REVIEW**

The applicable standards for a motion to dismiss in this case deal with the overall

standard applied when viewing the evidence and what evidence may properly be considered.  A

motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove

no set of facts in support of his claim that would entitle him to relief." *Clegg Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994).  All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party.  *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1992).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994).  If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56.  *See Jacobsen v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995).  However, *Branch* makes clear that there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment.  "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch,* 14 F.3d at 453.

## FACTUAL BACKGROUND

This case arises from the purchase of the tractor in question, the operation of that tractor, a subsequent fire and the resulting investigation.  The complaint was originally filed in state court, and was subsequently removed by CNH America to federal court.  The answer and the motion for dismissal were then filed by CNH America.

In January 2003, C & S Hamilton Hay purchased a used 2002 Case IH STX 425 Quad Track ("tractor") which was manufactured by CNH America.  In August 2006, the tractor caught fire while C & S Hamilton Hay was harrowing stubble in barley fields.  This fire resulted in the complete loss of the tractor and two additional farm implements owned by C & S Hamilton Hay.

An investigation was performed and the fire was determined to be accidental, caused by an

accumulation of straw on hot components of the exhaust system.  C & S Hamilton Hay filed a

complaint in state court seeking damages based on claims of negligent design and/or

manufacture of the tractor and breach of express and implied warranties.

## ANALYSIS

The motion to dismiss contains two principle issues that must be decided.  The first issue

deals with the economic loss rule and whether it applies to these factual circumstances.  The

second issue deals with warranties and what evidence can properly be considered for a motion to

dismiss.

Economic Loss Rule

Idaho's economic loss rule in tort actions is found in *Clark v. International Harvester

Co.,* 581 P.2d 784 (1978).  The adoption of the rule was articulated in language quoted by the

Court from Dean Prosser:

> "There can be no doubt that the seller's liability for negligence
> covers any kind of physical harm, including not only personal
> injuries, but also property damage to the defective chattel itself, as
> where an automobile is wrecked by reason of its own bad brakes,
> as well as damage to any other property in the vicinity.  But where
> there is no accident, and no physical damage, and the only loss is a
> pecuniary one, through loss of the value or use of the thing sold, or
> the cost of repairing it, the courts have adhered to the rule, to be
> encountered later, that purely economic interests are not entitled to
> protection against mere negligence, and so have denied the
> recovery."  W. Prosser, Handbook on the Law of Torts, §101 at
> 665 (4th ed. 1971).

*Clark* at 791.  The rule therefore prevents recovery of "purely economic interests" through a

theory of negligence.  However, the rule does allow for recovery if there was injury to person or

damage to property.  "Economic loss is recoverable in tort as a loss parasitic to an injury to

person or property." *Duffin v. Idaho Crop Improvements Association,* 883 P.2d. 704, 709 (Idaho

Ct. App. 1995).

The Court must therefore determine whether or not there was property damage in this

case which would then permit C & S Hamilton Hay to recover their economic loss pursuant to

*Duffin* or if the loss was purely economic resulting in no recovery.  "Property damage" is defined

as "damage to property other than that which is the subject of the transaction." *Salmon River*

*Sportsman Camps, Inc., v. Cessna Aircraft Company,* 544 P.2d, 306, 354 (Idaho 1975).[1]

"Economic loss includes costs of repair and replacement of defective property which is the

subject of the transaction, as well as commercial loss for inadequate value and consequent loss of

profits or use." *Id.*  The subject of the transaction between CNH America and C & S Hamilton

Hay encompasses the tractor which caught fire and was destroyed.  Therefore the damage to the

tractor itself would not constitute property damage, but "economic loss."[2]  However, the

question remains with respect to the implements attached to the tractor which were also lost in

the fire and whether they constitute "economic loss" or "property loss."

---

[1]*See also Tusch Enterprises v. Coffin,* 740 P.2d 1022, 1026 (Idaho 1987); *Clark v. International Harvester Co.,* 581 P.2d 784, 790 (Idaho 1978).

[2]The Court agrees with the Defendant that it is irrelevant whether the tractor was completely destroyed or only partially damaged as the tractor is still "economic loss" because it is the repair or replacement of the defective property which is the subject of the litigation. *Duffin,* 895 P.2d at 1200.

CNH America argues the loss of these implements constitutes "consequential losses stemming from the August 24, 2006, fire and [are] not recoverable."[3]  Plaintiff argues the implements are "property damage" and therefore the economic loss regarding the tractor is recoverable under *Duffin.*[4]  Defendant bases its argument on case law centering around the interpretation of the phrase "subject of the transaction."  The Idaho Supreme Court stated that the word "transaction" when dealing with the economic loss rule, "does not mean a business deal - it means the subject of the lawsuit." *Blahd v. Richard B. Smith Inc.,* 108 P.3d 996, 1000 (Idaho 2005).  *Blahd* dealt with the negligent preparation of a building lot which resulted in the settling of the foundation and subsequent damage to the house.  The court accepted the contention that the house and the lot were an integrated whole and therefore the lot and the house constituted the "subject of the transaction."  This resulted in the Idaho Supreme Court finding there was no property damage outside of the subject of the transaction and therefore the economic loss rule was applicable and prevented any recovery under a negligence cause of action.

This case is distinguishable from *Blahd.*  The tractor and the attached implements do not constitute an "integrated whole."  When dealing with a building lot and a house it is impractical to consider them functioning separately.  The house is permanently connected to the lot.  Such a relationship warrants a designation as an integrated whole and bars classification of the lot and house being separate property items.  However in the current case, the attachments to the tractor

---

[3]*See* Defendant's Memorandum in Support of Motion to Dismiss, p. 6

[4]Plaintiff also argues that if the Court finds the tractor and implements are "economic loss," one of the exceptions to the economic loss rule will apply and still permit recovery.  Since the Court finds there was parasitic property damage, it is not necessary to analyze the recognized exceptions to the economic loss rule.  The Court notes, however, that it is unlikely based on the facts of this case that any of the exceptions apply. *See Duffin,* 895 P.2d at 1200-01.

were just that, temporary attachments which could easily be removed and used with another

tractor. These implements were not permanently attached to the tractor in the manner that a

house is permanently attached to its foundation and lot. Because a permanent connection

between the tractor and the attached implements is lacking, the attachments constitute separate

property and any damage to them constitutes "property damage." Pursuant to the case law

reviewed by the Court and presented in this order, once "property damage" has been

demonstrated a negligence claim is proper for both the damaged implements and the tractor

through a theory of parasitic loss.[5]

CNH America also contends that anything included in a plaintiff's lawsuit becomes the

subject of the transaction pursuant to the definition from *Blahd.* They argue that even though the

blade attachment and guidance mechanism were not the subject of the transaction between them

and C & S Hamilton Hay, the implements are the subject of the lawsuit. Such a broad

interpretation of the definition from *Blahd* would essentially overrule the language from *Clark*

and *Duffin* cited above. This Court finds if it was the intention of the Idaho Supreme Court to

overturn the law articulated in *Clark* and *Duffin* that Court would have done so in a much clearer

manner. Therefore, it is more appropriate to apply a narrower definition of what constitutes the

subject of the lawsuit. A narrow application of the *Blahd* definition results in a finding that the

subject of the transaction or lawsuit is the tractor and whether it was negligently designed and/or

manufactured. The attached implements are peripheral in nature and not the subject of the

transaction.

---

[5]*See Duffin,* 895 P.2d at 1200.

Defendant also argues that this Court's decision in *Millenkamp v. Davisco Foods International, Inc.,* 391 F.Supp.2d 872 (D. Idaho 2005), prevents the implements from being considered as property damage.  The Court respectfully disagrees that the *Millenkamp* decision is binding on the case at bar.  The issue in *Millenkamp* was the applicability of the exceptions to the economic loss rule, not whether the cattle in *Millenkamp* were the subject of the lawsuit or "property damage."

CNH America also attempts to rely on *Ramerth v. Hart,* 983 P.2d 848 (Idaho 1999) in support of a finding that the implements constitute part of the "subject of the transaction."  In *Ramerth* the plaintiff contended that damage to the engine of an airplane caused by the defendant's negligent repair constituted property damage rather than economic loss.  The factual circumstances in *Ramerth* presented a different issue to decide than the one faced by the Court in this case.  The court in *Ramerth* was required to determine whether or not there was a difference between service performed on the engine and the engine itself that would create a distinction as to what constituted the "subject of the transaction."  In this case no service has been performed and therefore the Court is not asked to make such a distinction.  A relationship between service and the physical item receiving the service would support the "integrated whole" idea from *Blahd.*  However, in this case the Court fails to see how an item/service relationship relates to two separate physical items and the Court is not convinced that *Ramerth* warrants a finding that the implements in this case constitute the "subject of the transaction."  Therefore a finding that the implements constitute "economic loss" would be improper.

Therefore, this Court finds because the economic loss is parasitic to the property damage associated with the implements the economic loss rule does not apply and the negligence claim

7

may proceed for both the tractor and the attached implements.  The motion to dismiss the

negligence claims is denied.

Warranty and Admissible Evidence

        CNH America bases its motion to dismiss the warranty claims on language contained in a

warranty produced by C & S Hamilton Hay as part of C & S's Rule 26 initial disclosures.  In

order to properly use evidence for a Rule 12(b)(6) motion, that evidence must pass a three part

test.  The three components which all must be satisfied for the evidence to be considered are:

"(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and

(3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  *Marder v.*

*Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).  The first and third components of this standard are not

met in this case and therefore CNH America's motion to dismiss C & S Hamilton Hay's

warranty claims should be denied.

        C & S Hamilton Hay does not make reference to any specific document in their

Complaint alleging breach of warranty.  The Complaint only contends there was an express

warranty.  The document CNH America seeks to use for its motion is only referenced in the

memoranda accompanying their motion to dismiss.  Therefore the factual circumstances

surrounding this case do not meet the first requirement for consideration of evidence in support

of a Rule 12(b)(6) motion.

        C & S Hamilton Hay's warranty claims obviously center on a warranty and therefore the

second component is satisfied.  As the warranty will be central to a correct determination of the

warranty issues the Court feels that it is imperative the correct document be used in considering

these matters.  Due to the necessity of using the correct document the Court finds that more

discovery is required in this case to insure the proper document is used in these determinations.

Therefore, granting a 12(b)(6) motion before more complete discovery has been undertaken

would be premature and improper.

The final requirement for permitting the consideration of evidence for a 12(b)(6) motion

is that "no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder,*

450 F.3d at 448.  C & S Hamilton Hay disputes the authenticity of the warranty provided and has

explained the document provided in their Rule 26 disclosures may not be the correct warranty.

As this is a Rule 12(b)(6) motion, and the facts must be construed in the manner most favorable

to the non-moving party, the Court feels that the third requirement for consideration of evidence

for a 12(b)(6) motion has not been satisfied.

CNH America argues that the materials produced by C & S Hamilton Hay as part of its

Rule 26 disclosures are implicitly authentic and therefore the warranty may be relied upon when

considering a 12(b)(6) motion.  CNH America quotes Rule 26(a)(1)(B) which states that a party

is required to disclose "a copy of, or a description by category and location of, all documents,

data compilations, and tangible things that are in the possession, custody, or control of the party

and that the disclosing party may use to support its claims or defenses, unless solely for

impeachment." Fed R. Civ. P. 26(a)(1)(B).  CNH America then goes on to argue that if C & S

Hamilton Hay did not intend to use the warranty it produced as part of its initial disclosures it

should not have produced the warranty.

This interpretation of the Rules is incorrect, the language from Rule 26 states "that the

disclosing party <u>may</u> use [the materials it has produced] to support its claims."  Fed R. Civ. P.

26(a)(1)(B) (emphasis added).  Producing documents as part of initial disclosures does not

deprive the producing party of the discretion as to whether those produced documents will be used to support its claims.  C & S Hamilton Hay's good faith effort to comply with the Federal Rules of Civil Procedure should not be construed in the manner which CNH America argues.

With respect to the implied warranty claims CNH America did not address those claims in its initial Motion to Dismiss.  These claims were first addressed by CNH America in the final Reply Memorandum.  As a result, C & S Hamilton Hay has not had a opportunity to respond to CNH America's arguments.  CNH America's arguments that any implied warranties have been effectively disclaimed by the warranty produced in the Rule 26 disclosures may be true, but at this time the Court is unable to accept that warranty as the correct warranty. Basing any outcome determinative rulings on that document would be premature and improper.  Also, C & S Hamilton Hay should be provided the opportunity to present arguments for why the disclaimer should not be permitted, such as unconscionability. Therefore, it would be improper for this Court to grant a 12(b)(6) motion to dismiss at this time.  However, after further discovery has been realized and there are no reasonable disputes with regards to the authenticity of the warranty a Rule 56 motion for summary judgment may be proper.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby orders Defendant's 12(b)(6) motion to dismiss (Docket No. 8) be **DENIED.**

DATED:  February 21, 2008

Honorable Edward J. Lodge
U. S. District Judge